1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware
corporation; AMAZON.COM SERVICES LLC,
a Delaware limited liability company; S.A.S.
LONGCHAMP, a French corporation; S.A.S.
JEAN CASSEGRAIN, a French corporation;
and LONGCHAMP U.S.A., INC., a New Jersey
Corporation,

                 Plaintiffs,

    v.

MICHAEL CHRISTOPHER PITTA, an
individual; PREETHY CHRISTOPHER, an
individual; and DOES 1-10,

                 Defendants.

No.

**COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF**

## I.    INTRODUCTION

1.    This case involves Defendants' unlawful and expressly prohibited sale of counterfeit luxury leather goods products bearing the trademarks of S.A.S. Jean Cassegrain, which are manufactured and distributed by S.A.S. Longchamp and distributed in the US by Longchamp U.S.A., Inc. (collectively, "Longchamp"). Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") and Longchamp (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

harm to Amazon's and Longchamp's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2.    Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2023 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from counterfeits, fraud, and other forms of abuses.

3.    Longchamp is a French luxury leather goods company founded in 1948 by Jean Cassegrain. Initially celebrated for its leather-covered smoking pipes, the company expanded its offerings to include a wide array of luxury products. Today, Longchamp is best known for its iconic and world-famous Le Pliage tote handbag, a foldable and lightweight bag that has become a symbol of French elegance and practicality. Longchamp's exquisite handbags, luggage, clothing, footwear and accessories are sold in prestigious retail stores and boutiques in more than 80 countries, including locations in Paris, New York, Tokyo, and London. Longchamp's enduring appeal and rich heritage continue to inspire and captivate discerning consumers worldwide.

4.    Longchamp owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, Longchamp owns the following registered trademarks (the "Longchamp Trademarks").

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| LONGCHAMP | 1,279,796 (IC 16, 18, and 34) |
| LONGCHAMP | 2,733,821 (IC 9, 18, and 20) |
|  | 3,064,959 (IC 18) |
|  | 3,244,595 (IC 18) |
| LE PLIAGE | 3,261,714 (IC 18 and 35) |
|  | 4,012,970 (IC 6, 9, 14, 16, 18, 25, 34, and 35) |

True and correct copies of the registration certificates for the Longchamp Trademarks are attached as **Exhibit A**.

     5.     Beginning in January 2020, Defendants registered with Amazon to sell in the Amazon Store. After extensive outside investigation, Plaintiffs have discovered that at least one of the Defendants used falsified identity documents and fraudulent information in a deliberate attempt to conceal his identity and location. Defendants advertised, marketed, offered, distributed, and sold counterfeit Longchamp products in the Amazon Store, using the Longchamp Trademarks, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with Longchamp.

     6.     As a result of their illegal actions, Defendants have infringed and misused Longchamp's IP; breached their contracts with Amazon; willfully deceived and harmed Amazon, Longchamp, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and Longchamp. Defendants' illegal actions have caused Amazon and Longchamp to expend significant resources to investigate and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting

2  future harm to Amazon, Longchamp, and their customers.

3  **II.    PARTIES**

4  7.      Amazon.com, Inc. is a Delaware corporation with its principal place of business

5  in Seattle, Washington. Amazon.com Services LLC is a Delaware limited liability company with

6  its principal place of business in Seattle, Washington.

7  8.      S.A.S. Longchamp and S.A.S. Jean Cassegrain are French corporations with their

8  principal places of business in Paris, France. Longchamp U.S.A., Inc. is a New Jersey

9  corporation with its principal place of business in Robbinsville, New Jersey.

10  9.      Defendants are a collection of individuals and entities, both known and unknown,

11  who conspired and operated in concert with each other to engage in the counterfeiting scheme

12  alleged in this Complaint. Defendants are the individuals or entities who operated, controlled,

13  and/or were responsible for the selling accounts detailed in **Schedule 1**, attached hereto

14  ("Defendants' Selling Accounts" or "Selling Accounts"). Certain Defendants took intentional

15  and affirmative steps to hide their true identities and whereabouts from Amazon and Longchamp

16  by using falsified and/or fraudulent identity documents and information to conduct their

17  activities and to circumvent Amazon's robust verification processes. Defendants are subject to

18  liability for their wrongful conduct both directly and under principles of secondary liability

19  including, without limitation, *respondeat superior*, vicarious liability, and/or contributory

20  infringement.

21  10.      On information and belief, Defendant Preethy Christopher ("Defendant

22  Christopher") is an individual residing in Walsall, UK, who personally participated in and/or had

23  the right and ability to supervise, direct, and control the wrongful conduct alleged in this

24  Complaint, and who derived a direct financial benefit from that wrongful conduct. Defendant

25  Christopher controlled and operated the B Samson Selling Account. On further information and

26  belief, Defendant Christopher acted in concert with individuals and/or entities who operated the

27  Super Brandz Selling Account.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

11.     On information and belief, Defendant Michael Christopher Pitta ("Defendant Pitta") is an individual residing in Bangalore, India, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and who derived a direct financial benefit from that wrongful conduct. Defendant Pitta controlled and operated the Super Brandz Selling Account. On further information and belief, Defendant Pitta acted in concert with individuals and/or entities who operated the B Samson Selling Account.

12.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit Longchamp products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III.     JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over Longchamp's Lanham Act claim for trademark counterfeiting and trademark infringement, and Amazon's and Longchamp's Lanham Act claims for false designation of origin, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and Longchamp's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

14.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Longchamp's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the Longchamp Trademarks and which otherwise infringed Longchamp's IP. Additionally, Defendants shipped products bearing counterfeit versions of the Longchamp Trademarks to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

acts in Washington and has wrongfully caused Amazon and Longchamp substantial injury in Washington.

15.     Further, named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

17.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods.

18.     Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

19.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

20.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls. In 2023, Amazon's proactive controls blocked more than 99% of suspected infringing listings before a brand ever had to find and report them.

21.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

22.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 1.6 billion product units,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

whether sold in Amazon's stores or elsewhere in the retail supply chain, have been enrolled in Transparency, and have been authenticated as genuine through code scan verification.

23.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. Since launch, more than 25,000 brands have enrolled in Project Zero.

24.     Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. When prospective sellers apply to sell in Amazon's stores, they are required to provide a form of government-issued photo ID, along with other information about their business. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to quickly confirm the authenticity of government-issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks.

25.     Similarly, throughout the selling experience in Amazon's stores, Amazon's systems monitor selling accounts to identify anomalies or changes in account information, behaviors, and other risk signals. In the event that Amazon identifies a risk of fraud or abuse, it promptly initiates an investigation using automated and/or human review, may request additional information, and swiftly removes bad actors from its stores.

26.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**B.    Longchamp and Its Anti-Counterfeiting Efforts.**

27.    Longchamp goes to great lengths to protect consumers from counterfeits of its products and is committed to leading efforts to combat counterfeit products. Longchamp utilizes both internal and external resources to combat counterfeit and infringing products, online and offline. This includes trained staff who consistently monitor online retailer sites around the world for counterfeit sellers and infringing ads. Longchamp works with a third-party brand protection service vendor on the detection and removal of product listings violating Longchamp's IP rights. Longchamp's in-house and outside legal counsel regularly send cease and desist notices to different companies violating Longchamp's IP rights, organize police raids on physical stores and warehouses, and train customs and police officers to recognize genuine and fake Longchamp products.

28.    Longchamp is currently enrolled in Brand Registry and Project Zero. Longchamp began actively using the tools and protections provided by these programs in response to the counterfeiting activity including that described in this Complaint.

**C.    Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit Goods, Agreed to Provide Accurate Information to Amazon, and Agreed to Reimburse Amazon for Damages Arising from Customer Refunds.**

29.    Between January 21, 2020 and December 18, 2023, each Defendant established, controlled, and operated the Selling Account as detailed in Schedule 1, through which they advertised, marketed, offered, distributed, and sold counterfeit Longchamp products. In connection with their Selling Accounts, Defendants provided Amazon with names, email addresses, phone numbers, and bank information. Plaintiffs confirmed Defendants as the primary recipients of the proceeds of the counterfeiting sales for the respective Selling Accounts they controlled based on the investigation of certain financial information that Defendants provided to Amazon. In the course of their investigation, Plaintiffs determined that Defendant Christopher took active steps to mislead Amazon and conceal his true location and identity by providing falsified and/or fraudulent identity documents and information in connection with the B Samson Selling Account.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

30.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

31.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

32.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

33.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of selling inauthentic products:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

34.     Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id*. ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id*. ¶ 5.

35.    When Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

36.    Defendants also agreed to reimburse Amazon for any amounts Amazon was forced to refund to customers who purchased products from Defendants, including because the products were counterfeit. The BSA provides:

- You will defend, indemnify, and hold harmless Amazon … against any … loss, damage, settlement cost, expense, or other liability…arising from or related to … Your Products, including the … refund … thereof[.] *Id*. § 6.1.

- If we determine that your actions or performance may result in returns, chargebacks, claims, disputes, violations of our terms or policies, violations of law or other risks to Amazon or third parties, then we may in our sole discretion withhold any payments to you for as long as we determine any related risks to Amazon or third parties persist. For any amounts that we determine you owe us, we may … collect payment or reimbursement from you by any other lawful means. *Id*. § 2.

**D.    Defendants' Sale of Counterfeit Longchamp Products and Provision of False Information to Amazon.**

37.    Defendants created Selling Accounts and advertised, marketed, offered, distributed, and sold counterfeit Longchamp-branded products in the Amazon Store. The

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

counterfeit Longchamp-branded products sold by Defendants are identified and described in Schedule 1.

38.    Longchamp has conducted multiple test purchases and reviewed physical samples of Longchamp-branded products sold by Defendants' Selling Accounts and determined that the products are counterfeit, that each bears a counterfeit Longchamp Trademark, and that Longchamp has never authorized the sale of such products, as detailed in Schedule 1.

39.    In addition, as further detailed in Schedule 1, Defendants submitted invoices to Amazon that Amazon and Longchamp subsequently determined to be false, which purported to show that their counterfeit products came from a supplier of authentic products.

**E.    Defendants' Coordinated Sale of Counterfeit Longchamp Products.**

40.    On information and belief, Defendants operated in concert with one another in their advertising, marketing, offering, distributing, and selling of inauthentic Longchamp-branded products. Defendants are associated through common physical addresses, email addresses, and similar falsified invoices provided to Amazon or used to access their Selling Accounts.

41.    Defendants also operate the website fancykatz.ltd, which, on information and belief, offers for sale inauthentic Longchamp-branded products.

**F.    Amazon Shut Down Defendants' Selling Accounts.**

42.    By selling counterfeit and infringing Longchamp products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by Longchamp. Defendants also knowingly and willfully used Longchamp's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing Longchamp products.

43.    At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

inauthentic Longchamp products. Defendants have breached the terms of their agreements with Amazon, deceived Amazon's customers and Amazon, infringed and misused the IP rights of Longchamp, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and Longchamp's brands.

44.    After Amazon verified Defendants' sale of counterfeit Longchamp products, it blocked Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and Longchamp.

45.    Pursuant to Amazon's A-to-z guarantee, Amazon also proactively issued full refunds to customers who purchased purported Longchamp products from Defendants. Defendants have not reimbursed Amazon.

## V.    CLAIMS

### FIRST CLAIM
*(by Longchamp against all Defendants)*
### Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114

46.    Plaintiff Longchamp incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

47.    Defendants' activities constitute counterfeiting and infringement of the Longchamp Trademarks as described in the paragraphs above.

48.    Longchamp owns the Longchamp Trademarks and advertises, markets, offers, distributes, and sells its products using the Longchamp Trademarks described above and uses those trademarks to distinguish its products from the products and related items of others in the same or related fields.

49.    Because of Longchamp's long, continuous, and exclusive use of the Longchamp Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers and the public to signify, products from Longchamp.

50.    Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit and infringing versions of the Longchamp Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products'

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   source, origin, and authenticity. Specifically, Defendants intended customers to believe,

2   incorrectly, that the products originated from, were affiliated with, and/or were authorized by

3   Longchamp and likely caused such erroneous customer beliefs.

4       51.    As a result of Defendants' wrongful conduct, Longchamp is entitled to recover its

5   actual damages, Defendants' profits attributable to the infringement, treble damages, and

6   attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Longchamp is entitled to

7   statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

8       52.    Longchamp is further entitled to injunctive relief, including an order impounding

9   all counterfeit and infringing products and promotional materials in Defendants' possession.

10  Longchamp has no adequate remedy at law for Defendants' wrongful conduct because, among

11  other things: (a) the Longchamp Trademarks are unique and valuable properties that have no

12  readily-determinable market value; (b) Defendants' counterfeiting and infringing activities

13  constitute harm to Longchamp and Longchamp's reputation and goodwill such that Longchamp

14  could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is

15  allowed to continue, the public is likely to become further confused, mistaken, or deceived as to

16  the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting

17  harm to Longchamp, due to Defendants' wrongful conduct, is likely to be continuing.

18                      **SECOND CLAIM**
                 ***(by Longchamp and Amazon against all Defendants)***
19           **False Designation of Origin – 15 U.S.C. § 1125(a)**

20      53.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as

21  though set forth herein.

22      54.    Longchamp owns the Longchamp Trademarks and advertises, markets, offers,

23  distributes, and sells its products using those trademarks described above and uses the

24  trademarks to distinguish its products from the products and related items of others in the same

25  or related fields.

26

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

55.     Because of Longchamp's long, continuous, and exclusive use of the Longchamp Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers, users, and the public, to signify products from Longchamp.

56.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

57.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit versions of the Longchamp Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the Longchamp Trademarks and wrongfully trades upon Longchamp's goodwill and business reputation.

58.     Further, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

59.     Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

60.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Longchamp, all in violation of 15 U.S.C. § 1125(a)(1)(A).

61.     Plaintiffs are entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with attorneys' fees and costs in investigating and bringing this lawsuit. Defendants' acts have caused irreparable injury to Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

62.     Longchamp is further entitled to recover Defendants' profits, Longchamp's damages for its losses, and Longchamp's costs to investigate and remediate Defendants' conduct and bring this action, in an amount to be determined. Longchamp is also entitled to the trebling of any damages award as allowed by law. Likewise, Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

## THIRD CLAIM
### *(by Longchamp and Amazon against all Defendants)*
### Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.*

63.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

64.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Longchamp products constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

65.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Longchamp products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 17

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

66.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Longchamp products directly and proximately cause harm to and tarnish Plaintiffs' reputations and brands, and damage their business and property interests and rights.

67.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Longchamp further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, regarding Defendants' activities involving the sale of counterfeit products.

**FOURTH CLAIM**
*(by Amazon.com Services LLC[1] against Defendants in Schedule 1)*
**Breach of Contract**

68.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

69.     Defendants established Amazon selling accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

70.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

71.     Defendants' sale and distribution of counterfeit Longchamp products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Longchamp.

72.     In furtherance of their sale and distribution of counterfeit Longchamp products, certain Defendants further breached the BSA and its incorporated policies by submitting falsified documents to Amazon in order to obtain approval to sell the products in the Amazon Store, and submitted falsified documents to Amazon again after their Selling Accounts were suspended in

---

[1] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  an effort to have their Accounts reinstated.

2  73. Likewise, in furtherance of their counterfeiting activities, Defendant Christopher

3  materially breached the BSA and its incorporated policies by providing Amazon with false,

4  fraudulent, or otherwise inaccurate identification, contact, and/or banking information in

5  connection with their Selling Accounts, and by failing to update that information such to cure its

6  inaccuracies.

7  74. Additionally, Defendants breached the BSA by failing to reimburse Amazon for

8  the amounts it paid to refund customers who purchased counterfeit products from Defendants.

9  75. Defendants' breaches have caused significant harm to Amazon, and Amazon is

10  entitled to damages in an amount to be determined.

11  **VI.    PRAYER FOR RELIEF**

12  WHEREFORE, Plaintiffs respectfully pray for the following relief:

13  A. That the Court enter an order permanently enjoining Defendants, their officers,

14  agents, servants, employees, and attorneys, and all others in active concert or participation with

15  them, from:

16  (i) selling counterfeit or infringing products in Amazon's stores;

17  (ii) selling counterfeit or infringing products to Amazon or any Amazon

18  affiliate;

19  (iii) importing, manufacturing, producing, distributing, circulating, offering to

20  sell, selling, promoting, or displaying any product or service using any

21  simulation, reproduction, counterfeit, copy, or colorable imitation of

22  Longchamp's brand or trademarks, or which otherwise infringes

23  Longchamp's IP, in any store or in any medium; and

24  (iv) assisting, aiding, or abetting any other person or business entity in

25  engaging in or performing any of the activities referred to in

26  subparagraphs (i) through (iii) above;

27  B. That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

C.      That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the Longchamp Trademarks or that otherwise infringe Longchamp's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.      That the Court enter an order requiring Defendants to provide Plaintiffs with documents identifying the manufacturer and supplier of the infringing bags, including documents reporting the quantities of bags purchased, imported, and exported;

F.      That the Court enter an order requiring Defendants to pay all general, special, and actual damages which Longchamp has sustained, or will sustain, as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

G.      That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

H.      That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

I.      That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment

2    in this case; and

3        J.        That the Court grant Plaintiffs such other, further, and additional relief as the

4    Court deems just and equitable.

5

6        DATED this 30th day of October, 2024.

7                                                DAVIS WRIGHT TREMAINE LLP
                                                 *Attorneys for Plaintiffs*
8

9                                                *s/ Scott Commerson*
                                                 Scott Commerson, WSBA #58085
10                                               865 South Figueroa Street, Suite 2400
                                                 Los Angeles, CA 90017-2566
11                                               Tel: (213) 633-6800
                                                 Fax: (213) 633-6899
12                                               Email: scottcommerson@dwt.com

13                                               *s/ Lauren Rainwater*
                                                 Lauren Rainwater, WSBA #43625
14                                               920 Fifth Avenue, Suite 3300
                                                 Seattle, WA 98104-1610
15                                               Tel: (206) 622-3150
                                                 Fax: (206) 757-7700
16                                               Email: laurenrainwater@dwt.com

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## <u>SCHEDULE 1</u>

**<u>DEFENDANT 1:</u>** Preethy Christopher

Selling Account Name: B Samson
Dates of Known Sales of Infringing Products: February 19, 2020 – December 11, 2023

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Longchamp Le Pliage Club Large Shoulder Tote (Khaki)<br><br>ASIN[1]: B07GBN8VT8<br><br>Infringed Registrations:<br>U.S. Reg. No. 1,279,796 (IC 16, 18, and 34)<br>U.S. Reg. No. 2,733,821 (IC 9, 18, and 20)<br>U.S. Reg. No. 3,064,959 (IC 18)<br>U.S. Reg. No. 3,244,595 (IC 18)<br>U.S. Reg. No. 3,261,714 (IC 18 and 35)<br>U.S. Reg. No. 4,012,970 (IC 6, 9, 14, 16, 18, 25, 34, and 35) | • On or about August 3, 2023, Plaintiffs' investigator conducted a test purchase of the listed product sold by the bad actor.<br><br>• Longchamp received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Longchamp's authentic product and packaging. |
| Longchamp Le Pliage Club Large Shoulder Tote (Navy)<br><br>ASIN: B07GBQ7FQ1<br><br>Infringed Registrations:<br>U.S. Reg. No. 1,279,796 (IC 16, 18, and 34)<br>U.S. Reg. No. 2,733,821 (IC 9, 18, and 20)<br>U.S. Reg. No. 3,064,959 (IC 18)<br>U.S. Reg. No. 3,244,595 (IC 18)<br>U.S. Reg. No. 3,261,714 (IC 18 and 35)<br>U.S. Reg. No. 4,012,970 (IC 6, 9, 14, 16, 18, 25, 34, and 35) | • On or about August 3, 2023, Plaintiffs' investigator conducted a test purchase of the listed product sold by the bad actor.<br><br>• Longchamp received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Longchamp's authentic product and packaging. |

Longchamp inspected an invoice provided in connection with this Selling Account.
Longchamp confirmed the invoice was fabricated based on deviations from an authentic invoice.

---

[1] "ASIN" is an abbreviation of "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores for identification purposes.

**DEFENDANT 2:** Michael Christopher Pitta

Selling Account Name: Super Brandz
Dates of Known Sales of Infringing Products: October 14, 2020 – December 21, 2023

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Longchamp Le Pliage Club Large Shoulder Tote (Acid Yellow)<br><br>ASIN: B07W452666<br><br>Infringed Registrations:<br>U.S. Reg. No. 1,279,796 (IC 16, 18, and 34)<br>U.S. Reg. No. 2,733,821 (IC 9, 18, and 20)<br>U.S. Reg. No. 3,064,959 (IC 18)<br>U.S. Reg. No. 3,244,595 (IC 18)<br>U.S. Reg. No. 3,261,714 (IC 18 and 35)<br>U.S. Reg. No. 4,012,970 (IC 6, 9, 14, 16, 18, 25, 34, and 35) | • On or about August 3, 2023, Plaintiffs' investigator conducted a test purchase of the listed product sold by the bad actor.<br><br>• Longchamp received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Longchamp's authentic product and packaging. |
| Longchamp Le Pliage Club Large Shoulder Tote<br><br>ASIN: B0815SHLX5<br><br>Infringed Registrations:<br>U.S. Reg. No. 1,279,796 (IC 16, 18, and 34)<br>U.S. Reg. No. 2,733,821 (IC 9, 18, and 20)<br>U.S. Reg. No. 3,064,959 (IC 18)<br>U.S. Reg. No. 3,244,595 (IC 18)<br>U.S. Reg. No. 3,261,714 (IC 18 and 35)<br>U.S. Reg. No. 4,012,970 (IC 6, 9, 14, 16, 18, 25, 34, and 35) | • On or about August 3, 2023, Plaintiffs' investigator conducted a test purchase of the listed product sold by the bad actor.<br><br>• Longchamp received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Longchamp's authentic product and packaging. |
| Longchamp 'Le Pliage' Nylon and Leather Club Backpack, Black<br><br>ASIN: B081P4RHCR<br><br>Infringed Registrations:<br>U.S. Reg. No. 1,279,796 (IC 16, 18, and 34)<br>U.S. Reg. No. 2,733,821 (IC 9, 18, and 20)<br>U.S. Reg. No. 3,261,714 (IC 18 and 35)<br>U.S. Reg. No. 4,012,970 (IC 6, 9, 14, 16, 18, 25, 34, and 35) | • On or about August 3, 2023, Plaintiffs' investigator conducted a test purchase of the listed product sold by the bad actor.<br><br>• Longchamp received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Longchamp's authentic product and packaging. |

Longchamp inspected an invoice provided in connection with this Selling Account.
Longchamp confirmed the invoice was fabricated based on deviations from an authentic invoice.